A. DARIANO & SON, INC., a
California Corporation,
Plaintiff,

v.

DISTRICT COUNCIL OF PAINTERS
NO. 33, an unincorporated
association, Defendant.

No. C–86–20895–SW.

United States District Court,
N.D. California,
San Jose Division.

Sept. 8, 1987.

Thierman, Cook, Brown & Mason, Roger M. Mason, San Jose, Cal., for plaintiff.

Wylie, McBride, Jesinger & Sure, San Jose, Cal., for defendant.

## ORDER

SPENCER WILLIAMS, District Judge.

The cross-motions of plaintiff A. Dariano & Son, Inc., and defendant District Council of Painters No. 33, for summary judgment in the above-entitled matter came on regularly for hearing on July 22, 1987, at 9:30 a.m., in Courtroom No. 3, of the San Jose Branch of the above-entitled Court. Plaintiff moved for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure on its complaint for an order vacating a labor arbitration award and for attorney's fees, costs, and sanctions. Defendant moved for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, on its counter-claim seeking confirmation of the labor arbitration award, for injunctive relief requiring that A. Dariano & Son, Inc., comply with the labor arbitration award of September 23, 1986, as supplemented by the award of November 12, 1986, for the monetary relief awarded to District Council of Painters No. 33 for the damages caused by A. Dariano & Son, Inc.'s breach of contract, including prejudgment and post-judgment interest on such amounts, and for costs and attorney's fees incurred by District Council of Paint-

ers No. 33 to enforce this arbitration award, as provided by the labor contract. Appearing on behalf of the plaintiff and counter-defendant was the firm of Thierman, Simpson & Cook, by Roger Mason. Appearing on behalf of the defendant and counter-claimant was the firm of Wylie, McBride, Jesinger & Sure, by Robert E. Jesinger and Mark S. Renner.

Pursuant to Local Rule 220-7, the parties submitted statements of material facts not in dispute. The material facts relevant to a resolution of the cross-motions for summary judgment and not in dispute are as follows:

1. This Court has jurisdiction over this action pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

2. Plaintiff A. Dariano & Son, Inc., is, and at all times material herein has been, a corporation organized and existing under the laws of the State of California and an employer licensed to engage in business in the building and construction industry as a general contractor. Plaintiff maintains its principal place of business in the City of San Jose, County of Santa Clara, State of California.

3. Dariano Brothers, Inc., is, and at all times material herein has been, a corporation organized and existing under the laws of the State of California and an employer licensed to engage in business in the building and construction industry as a painting subcontractor. Dariano Brothers, Inc., maintains its principal place of business in the City of San Jose, County of Santa Clara, State of California.

4. District Council of Painters No. 33 is, and at all times material herein has been, a labor organization whose membership is comprised of affiliated member local unions, all of which do business in the State of California. District Council of Painters No. 33 is, and was at all times material herein, an unincorporated association, doing business in Mountain View, California, as a labor organization.

5. A. Dariano & Son, Inc., is now, and at all times material herein was, party to a collective bargaining agreement with District Council of Painters No. 33.

6. Dariano Brothers, Inc., has never executed a collective bargaining agreement with District Council of Painters No. 33.

7. On May 7, 1986, A. Dariano & Son, Inc., filed a unit clarification petition with the National Labor Relations Board requesting that the National Labor Relations Board clarify that employees of Dariano Brothers, Inc., were not members of the unit of employees covered by the collective bargaining agreement between A. Dariano & Son, Inc., and District Council of Painters No. 33.

8. On July 15, 1986, and July 29, 1986, Region 32 of the National Labor Relations Board held hearings pursuant to the unit clarification petition, Case No. 32-UC-179, filed by A. Dariano & Son, Inc. A decision and order dated September 22, 1986, was issued by Regional Director James S. Scott of Region 32 of the National Labor Relations Board.

9. Following a timely Request for Review by District Council of Painters No. 33, the National Labor Relations Board, by an order dated November 17, 1986, denied District Council of Painters No. 33's request for review of the Regional Director's decision and order "as it raises no substantial issues warranting review."

10. On August 25, 1986, an arbitration proceeding was held before the Joint Judicial Tribunal of the Northern California Painters Administrative Fund, Inc., pursuant to a grievance filed by District Council of Painters No. 33, contending that A. Dariano & Son, Inc., had violated the collective bargaining agreement.

11. The Joint Judicial Tribunal rendered its arbitration award in writing on September 23, 1986. The arbitration award decided, inter alia, that Dariano Brothers, Inc., was the alter ego of A. Dariano & Son, Inc., and the successor or acquired operation, within the meaning of Article 8, §§ 8, 9, and 9(a) of the collective bargaining agreement.

12. By letter dated September 29, 1986, within the ten-day period for appealing a

decision of the Joint Judicial Tribunal, A. Dariano & Son, Inc., submitted a letter to District Council of Painters No. 33 asserting that the arbitration award was contrary to the decision of the National Labor Relations Board in Case No. 32–UC–179, and on that basis requested that the arbitration decision be vacated as unenforceable.

13. On November 12, 1986, the Joint Judicial Tribunal considered the position of A. Dariano & Son, Inc., as stated in its letter of September 29, 1986. The Joint Judicial Tribunal considered the arguments of A. Dariano & Son, Inc., that existing law precluded enforcement of the arbitration award since it was in conflict with the decision and order of the National Labor Relations Board. A. Dariano & Son, Inc., requested that the Joint Judicial Tribunal voluntarily vacate its prior decision because it was contrary to the determination of the National Labor Relations Board.

14. By letter dated November 21, 1986, the Joint Judicial Tribunal, through the Northern California Painters Administrative Fund, Inc., advised A. Dariano & Son, Inc., that its decision was not based on a unit determination, but rather was based on the collective bargaining agreement and, therefore, would not vacate its award.

After reviewing the arbitration award, dated September 23, 1986, the collective bargaining agreement, and the decision and order of the National Labor Relations Board in Case No. 32–UC–179, and the statements of material facts not in dispute, and after considering moving papers on file by both parties, as well as listening to oral argument presented at the time of hearing on the motion, this Court concludes as follows:

The National Labor Relations Board did not decide nor consider the "alter ego" issue or question. The National Labor Relations Board did in fact consider and decide the single-employer and/or joint-employer issues. The burden is on the plaintiff, A. Dariano & Son, Inc., to show a conflict between the decision of the National Labor Relations Board and the arbitration award, which is the standard set forth in the controlling case of *Carpen-*

*ters Local 1478 v. Neal Stevens,* 743 F.2d 1271, 117 LRRM 2023 (9th Cir.1984). The plaintiff must bear the burden of showing that the arbitrator's decision covers the same issue as was decided by the National Labor Relations Board in its decision. Here, the National Labor Relations Board did not decide the same issue which the arbitrator decided, namely, that Dariano Brothers, Inc., was the "alter ego" of A. Dariano & Son, Inc. Therefore, there is no contradiction or conflict between these two decisions. The arbitrator's award can and must be confirmed. For all of these reasons, and good cause appearing therefor,

IT IS ORDERED that plaintiff's motion for summary judgment vacating the arbitration award and for costs, attorney's fees, and sanctions is denied. Defendant's motion for summary judgment confirming the arbitration award, for injunctive relief, for damages, as provided for in the arbitration award, and for costs including reasonable attorney's fees is granted. The arbitration award of the Joint Judicial Tribunal dated September 22, 1986, is confirmed in all respects, including all monetary and injunctive relief contained therein. District Council of Painters No. 33 is granted its costs and attorney's fees and shall file a cost bill as provided in Local Rule 265 and its application for attorney's fees as provided in Local Rule 270.